UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

**TIMOTHY WRIGHT,**

    Plaintiff,

vs.

**CHRIS PRINE in his official capacity as SHERIFF, LOWNDES COUNTY, GEORGIA, JIMMY ROYALS, individually, and DANNY CROFT, individually,**

    Defendants.
_____/

CASE NO. 7:15-cv-85

## COMPLAINT

Plaintiff, TIMOTHY WRIGHT, hereby sues Defendants, CHRIS PRINE in his official capacity as SHERIFF LOWNDES COUNTY, GEORGIA, JIMMY ROYALS, individually, and DANNY CROFT, individually and alleges:

### JURISDICTION

1. This is an action brought under 42 U.S.C. §1983 involving claims which are, individually, in excess of Seventy Five Thousand Dollars ($75,000.00), exclusive of costs and interest.

2. Jurisdiction of this Court is invoked pursuant 28 U.S.C. §1331 (federal question jurisdiction) and 28 U.S.C. §1343 (civil rights claim jurisdiction).

3. The Plaintiff's claims for relief are predicated upon 42 U.S.C. §1983, which authorizes actions to redress the deprivation, under color of state law, of rights, privileges, and immunities secured to the Plaintiff by the Constitution and laws of the United States, and by 42 U.S.C. §1988 which authorizes the award of attorney's fees and costs to prevailing plaintiffs in actions brought pursuant to 42 U.S.C. §1983.

## THE PARTIES

4. At all times pertinent hereto, Plaintiff, TIMOTHY WRIGHT, has been a resident of Lowndes County, Georgia. He is thus *sui juris*.

5. At all times pertinent hereto, Defendant, CHRIS PRINE was the Sheriff of LOWNDES COUNTY, GEORGIA. Defendant is within the jurisdiction of this Court and operated a sheriff department known as the Lowndes County Sheriff's Office ("LCSO"). The LCSO has been organized and existing under the laws of the State of Georgia.

6. At all times pertinent hereto, Defendant JIMMY ROYALS, was employed by Defendant LCSO in Lowndes County, Georgia. He is thus *sui juris*.

7. At all times pertinent hereto, Defendant DANNY CROFT, was employed by Defendant LCSO in Lowndes County, Georgia. He is thus *sui juris*.

## CONDITIONS PRECEDENT

8. All conditions precedent have occurred, if any.

## STATEMENT OF THE ULTIMATE FACTS

9. On May 22, 2013, Plaintiff was sitting on his front porch and had been home approximately twenty minutes when Officer Jimmy Royals and Officer Danny Croft with the Lowndes County Sheriff's Office ("LCSO") pulled into his yard.

10. At that time, Royals and Croft said that they were responding to an anonymous complaint stating that the vehicle Plaintiff had been operating was weaving.

11. Plaintiff told Royals and Croft that he didn't know what they were talking about and that his car was not weaving. At no time did Royals and Croft see Plaintiff driving erratically as his car was parked by the time they questioned Plaintiff.

12. Without probable cause or a search warrant, Royals and Croft conducted an illegal search of Plaintiff's vehicle and then arrested him despite the fact that they never saw who operated the vehicle and could not place Plaintiff behind the wheel.

13. After a probable cause hearing , all charges against Plaintiff were dropped but not before Plaintiff suffered a great deal of anxiety, stress, and worry over being falsely accused and arrested for driving under the influence.

14. The actions of the Defendants have caused damage to Plaintiff, including, but not limited to, medical and other expenses, lost wages, lost capacity to work, loss of enjoyment of life, pain and suffering, mental anguish, and related noneconomic damages.

15. Plaintiff continues to suffer physical and psychological injuries due to the abuses set forth in part above.

16. Plaintiff has retained the undersigned to represent his interests in this cause and is obligated to pay a fee for these services. Defendant should be made to pay said fee under the laws cited herein.

## COUNT I
## FOURTH AMENDMENT VIOLATION - FALSE ARREST
(Against Michael Royals and Croft)

17.     Plaintiff re-alleges paragraphs 1-16 above and incorporates those allegations in this Count.  This Count is pled in the alternative.

18.     The Defendant operated to violate Plaintiff's rights under the Fourth Amendment to the United States Constitution.  These violations were of the type and character as to which any reasonable person would be aware.

19.     Defendant further operated to violate Plaintiff s civil rights as protected by The Civil Rights Act, 42 U.S.C.  §1983.

20.     Defendants are persons under applicable law.  The Defendants are liable, both jointly and severally, to Plaintiff for the Defendants' conduct, individually and in concert, to violate the civil rights of Plaintiff under the Fourth Amendment to the United States Constitution.

21.     Defendants Royals and Croft acted in bad faith and with malicious purpose and in a manner exhibiting wanton and willful disregard of human rights, safety, and property.

22.     Defendants Royals and croft misused their power, possessed by virtue of state law and made possible only because they were clothed with the authority of state law. The violation of Plaintiff s rights, as described above, occurred under color of state law and is actionable under 42 U.S.C.  1983.

23.     The foregoing actions of Defendants were willful, wanton and in reckless disregard of Plaintiff's rights, and were taken without any lawful justification and/or in the absence of probable cause.

24.     Defendants knew or should have known that there was no probable cause to arrest Plaintiff given the circumstances present and the clearly established law on the proof needed to establish arguable probable cause.

25.     Based upon the facts presented to Defendants and the applicable law, no

reasonable law enforcement officer could have concluded that there existed any probable cause to arrest Plaintiff.

26. The law was well settled and clearly established that the actions of Defendants constituted the false arrest under the Fourth Amendment to the United States Constitution at the time the actions by these Defendants were committed.

27. The actions or inactions of Defendants as set forth in part above constituted a deliberate indifference or reckless disregard for the safety of Plaintiff when they knew of and disregarded a risk to Plaintiff s health and safety.

28. Defendants were acting under color of state law at all times pertinent hereto. The false arrest of Plaintiff without probable cause violated the Fourth Amendment. Defendants misused their power, possessed by virtue of state law and made possible only because the Defendants were clothed with the authority of state law. The violation of Plaintiff=s rights, as described above, occurred under color of state law and is actionable under 42 U.S.C. §1983.

29. As a direct and proximate cause of Defendant='s actions, Plaintiff has been damaged, which damages include: grave mental anguish, pain and suffering, loss of capacity for the enjoyment of life, embarrassment, humiliation, bodily injury, loss of reputation, lost employment opportunities, lost wages, and the loss of other emoluments. These damages have occurred at present, in the past and will most likely occur in the future. Defendants are further jointly and severally liable to the Plaintiff for the unlawful conduct alleged herein. Plaintiff is entitled to punitive damages under this Count.

## COUNT II
## FOURTH AMENDMENT VIOLATION - FALSE ARREST
### (Against PRINE)

30. Plaintiff re-alleges paragraphs 1-16 above and incorporates those allegations in this Count.

31.     Defendant Prine operated to violate Plaintiff's rights under the Fourth Amendment to the United States Constitution. These violations were of the type and character as to which any reasonable person would be aware.

32.     Defendant, through its agents and employees, misused its power, possessed by virtue of state law and made possible only because it was clothed with the authority of state law. The violation of Plaintiff's rights, as described above, occurred under color of state law and is actionable under 42 U.S.C. §1983.

33.     The foregoing actions of Defendant was willful, wanton and in reckless disregard of Plaintiff's rights, and were taken without any lawful justification and/or in the absence of probable cause.

34.     Defendant knew or should have known that there was no probable cause to arrest Plaintiff given the circumstances present and the clearly established law on the proof needed to establish arguable probable cause.

35.     Based upon the facts presented to Defendant and the applicable law, no reasonable law enforcement officer could have concluded that there existed any probable cause to arrest Plaintiff. The law was well settled and clearly established that the actions of this Defendant constituted the false arrest under the Fourth Amendment to the United States Constitution at the time the actions by these Defendants were committed.

36.     The actions or inactions of this Defendant as set forth in part above constituted a deliberate indifference or reckless disregard for the safety of Plaintiff when he knew of and disregarded a risk to Plaintiff s health and safety.

37.     Sheriff Prine acted with deliberate indifference in the failure to implement adequate hiring and supervisory procedures to properly identify suspects of crimes, to identify deputies who falsified facts to support probable cause to arrest a person like Plaintiff.

38.     Sheriff Prine is an official with final policy-making authority for LCSO. He is responsible for hiring and supervising the law enforcement officers who work under him and, when necessary, for investigating alleged wrongdoing by his employees and disciplining those employees.

39.     At all times referred to herein, Sheriff Prine acted under color of state law and failed to train, supervise, investigate and discipline the individual Defendants as alleged herein. Prine's failure to, supervise, investigate and discipline the individual Defendants constitutes either an improper policy or the absence of a policy of the Defendant LCSO which resulted in the deliberate indifference to the constitutional rights of the Plaintiff.

40.     Prine also, after notice of the constitutional violations alleged herein, officially sanctioned these actions and refused to discipline the Defendants named herein which established a policy, by a final policy-maker that directly or indirectly resulted in the violation of Plaintiff=s constitutional rights.

41.     As a direct and proximate cause of Defendant=s actions, Plaintiff has been damaged, which damages include: grave mental anguish, pain and suffering, loss of capacity for the enjoyment of life, embarrassment, humiliation, bodily injury, loss of reputation, lost employment opportunities, lost wages, and the loss of other emoluments. These damages have occurred at present, in the past and will most likely occur in the future. Defendants are further jointly and severally liable to the Plaintiff for the unlawful conduct alleged herein.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

(a) that process issue and this Court take jurisdiction over this case;

(b) that this Court grant equitable relief against Defendants under the applicable counts set forth above, mandating Defendants' obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c) enter judgment against Defendants and for Plaintiff awarding damages to Plaintiff from Defendant for Defendants' violations of law enumerated herein;

(d) enter judgment against Defendants and for Plaintiff permanently enjoining Defendant from future violations of the federal laws enumerated herein;

(e) enter judgment against Defendants and for Plaintiff awarding Plaintiff attorney's fees and costs; and

(f) grant such other further relief as being just and proper under the circumstances.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues set forth herein which are so triable.

Dated this 21st day of May 2015.

                Respectfully submitted,

                /s/ James Garrity
                James Garrity (GBN 121837)
                MARIE A. MATTOX, P. A.
                310 East Bradford Road
                Tallahassee, FL 32303
                Telephone:  (850) 383-4800
                Facsimile:   (850) 383-4801

                ATTORNEYS FOR PLAINTIFF