# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

**TIMOTHY WRIGHT,**

    Plaintiff,

v.

**CHRIS PRINE, in his official capacity as SHERIFF, LOWNDES COUNTY, GA, JIMMY ROYALS, individually, and DANNY CROFT, individually,**

    Defendants.

Civil Action No. 7:15-CV-85

# ORDER

*Pro se* Plaintiff Timothy Wright filed this lawsuit against Defendants Chris Prine, Jimmy Royals, and Danny Croft, alleging that he was arrested without probable cause in violation of 42 U.S.C. § 1983.[1] Now before the Court is Defendants' Motion for Summary Judgment, filed May 31, 2016. (Doc. 15). On the day Defendants' motion was filed, the Court issued a Notice to Plaintiff, informing him that his response to Defendants' motion for summary judgment was due within thirty (30) days and of the possible consequences if he failed to respond. (Doc. 16). Plaintiff has not responded to Defendants' motion, and it is

---

[1] On September 17, 2015, the Court granted attorney James Garrity's Motion to Withdraw as counsel for Plaintiff Timothy Wright. (Doc. 11). Consequently, Plaintiff proceeds in this action *pro se.*

now ripe for review.  See M.D. Ga. L. R. 7.3.1(a).  For the reasons that follow, Defendants' motion is granted.

I.  **FACTUAL BACKGROUND**

On May 22, 2013, Plaintiff Timothy Wright was arrested by Defendant Jimmy Royals and charged with driving under the influence ("DUI") and violation of Georgia's open container statute.  (Aff. of Jimmy Royals, ¶ 16).  Plaintiff pled guilty to both offenses in the State Court of Lowndes County, Georgia on June 26, 2013.  (Aff. of Jimmy Royals, ¶¶ 18–19).[2]  Plaintiff was sentenced to 48 months of probation following his plea.  (Aff. of Jimmy Royal, ¶ 21).  Defendants Chris Prine and Danny Croft were not present when Plaintiff was arrested, and they played no role in the investigation of Plaintiff's offenses.  (Aff. of Jimmy Royals, ¶ 17).

Plaintiff filed this lawsuit on May 21, 2015, alleging that Defendants are liable pursuant to 42 U.S.C. § 1983 for violation of his Fourth Amendment rights.  (Doc. 1).  In his Complaint, Plaintiff claims that his May 22, 2013 arrest was without probable cause and that all charges against him were subsequently dropped. (Doc. 1, ¶¶ 12–13).  Defendants move for summary judgment, arguing that Plaintiff pled guilty to the charges he now asserts were dropped and that Plaintiff's claims thus fail as a matter of law.

---

[2] Plaintiff pled guilty to other unrelated offenses at the same time that he entered his guilty plea on the DUI and open container charges.  His sentence reflects his punishment for all of the offenses to which he pled guilty on June 26, 2013.  (Aff. of Jimmy Royals, ¶ 20).

2

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A genuine issue of material fact arises only when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

When considering a motion for summary judgment, the court must evaluate all of the evidence, together with any logical inferences, in the light most favorable to the nonmoving party. Id. at 254–55. The court may not, however, make credibility determinations or weigh the evidence. Id. at 255; see also Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000).

The party seeking summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex, 477 U.S. at 323 (citation omitted). If the movant meets this burden, the burden shifts to the party opposing summary judgment to go beyond the pleadings and present specific evidence showing that there is a genuine issue of material fact, or that the movant is not entitled to judgment as a matter of law. Id. at 324–26.

This evidence must consist of more than conclusory allegations.  See Avirgan v. Hull, 932 F.2d 1572, 1577 (11th Cir. 1991).  In sum, summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Celotex, 477 U.S. at 322.

As previously stated, Plaintiff failed to respond to Defendants' motion for summary judgment.  In addition, Plaintiff failed to file a statement of material facts which are in dispute or to respond to Defendants' statement of undisputed facts.  The Local Rules of the United States District Court for the Middle District of Georgia (hereinafter "local rules") provide: "The respondent to a motion for summary judgment shall attach to the response a separate and concise statement of material facts, numbered separately, to which the respondent contends there exists a genuine dispute to be tried.  Response shall be made to each of the movant's numbered material facts."  M.D. Ga. L.R. 56.  Because Plaintiff has failed to respond entirely, the Court deems admitted Defendants' statement of facts.  M.D. Ga. L.R. 56; see also Mann v. Taser Intern., Inc., 588 F.3d 1291, 1303 (11th Cir. 2009) (holding that district court properly deemed defendant's statement of material facts admitted when plaintiff failed to comply with the local rule); BMU, Inc. v. Cumulus Media, Inc., 366 Fed. App'x 47, 49 (11th Cir. 2010) (affirming grant of summary judgment when respondent failed to file a response to movant's statement of undisputed facts).

The Court, however, "cannot grant a motion for summary judgment based on default or as a sanction for failure to properly respond." United States v. Delbridge, No. 1:06-CV-110, 2008 WL 1869867, at *3 (M.D. Ga. Feb. 22, 2008) (citing Trustees of Cent. Pension Fund of Int'l Union of Operating Engineers & Participating Employers v. Wolf Crane Serv., Inc., 374 F.3d 1035, 1040 (11th Cir. 2004)). Instead, the Court must undertake an independent review of "the evidentiary materials submitted in support of the motion" to ensure that the Defendants have met their burden of demonstrating the absence of a genuine issue of material fact. United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla., 363 F.3d 1099, 1101 (11th Cir. 2004); see also Delbridge, 2008 WL 1869867, at *3 (finding that the "Court must make an independent review of the record," even if the non-movant fails to respond to the statement of material facts).

### III.   ANALYSIS

A plaintiff may not recover under § 1983 if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." Heck v. Humphrey, 512 U.S. 477, 487 (1994). If it would, the district court must dismiss the complaint, unless the plaintiff can show that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. Courts in the Eleventh Circuit have held that Heck bars § 1983 claims which

5

undermine the validity of an underlying conviction, even if the plaintiff is not in custody and habeas relief is unavailable. See, e.g., Barnes v. City of Dothan, 842 F.Supp.2d 1332, 1338 (M.D. Ala. 2012); Domotor v. Wennet, 630 F.Supp.2d 1368, 1380 (S.D. Fla. 2009), aff'd 356 Fed.Appx. 316 (11th Cir. 2009); Abusaid v. Hillsborough Cnty. Bd. of Cnty. Comm'rs, 637 F.Supp.2d 1002, 1017–19 (M.D. Fla. 2007); Williams v. Donald, 2007 WL 2345254, at * 2–3 (M.D. Ga. Aug. 14, 2007). Moreover, "[t]he existence of probable cause at the time of arrest [ ] constitutes an absolute bar to a section 1983 action for false arrest." Myers v. Bowman, 713 F.3d 1319, 1326 (11th Cir. 2013) (citation omitted).

Here, it is undisputed that Defendant Royal had probable cause to arrest Plaintiff and that Plaintiff pled guilty to and was convicted of DUI and violation of Georgia's open container statute. (Aff. of Jimmy Royals, ¶¶ 13, 16, 18). It is further undisputed that Defendants Prine and Croft were not present for Plaintiff's arrest or involved in the proceedings related to his subsequent conviction in any way. (Aff. of Jimmy Royals, ¶ 17). As a result, Plaintiff cannot maintain an action for false arrest, and Defendants are entitled to summary judgment.

## IV.  CONCLUSION

For the reasons discussed herein, Defendants' Motion for Summary Judgment (Doc. 15) is **GRANTED**.

**SO ORDERED**, this the 28th day of February, 2017.

                                             */s/ Hugh Lawson*
                                             **HUGH LAWSON, SENIOR JUDGE**

les